IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Edwin J. Engel and Janette K. Engel,<br><br>    Plaintiffs,<br>vs.<br><br>The Boeing Company and Joshua A. Jones<br><br>    Defendants. | **C/A NO.:** 2:18-cv-00061-PMD<br><br>**FIRST AMENDED COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs, Edwin J. Engel and Janette K. Engel, by and through their attorney, Thomas W. Winslow, in support of their Complaint, allege and show unto this Honorable Court:

## PARTIES

1. Plaintiff Edwin J. Engel ("Plaintiff Edwin") is a citizen and resident of Charleston County, South Carolina.

2. Plaintiff Janette K. Engel ("Plaintiff Janette") is a citizen and resident of Charleston County, South Carolina.

3. Defendant Joshua A. Jones ("Defendant Jones") is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, Defendant The Boeing Company ("Defendant Boeing") is a corporation organized and existing pursuant to the laws of the State of Delaware.

## JURISDICTION AND VENUE

5. South Carolina State Court, Court of Common Pleas, has subject matter jurisdiction over the issues set forth in this matter and has personal jurisdiction over Defendant Boeing because it transacts business in South Carolina and over Defendant Jones as he is a resident of South Carolina.

6. Venue is proper in South Carolina State Court, Court of Common Pleas, as to Defendant Boeing under S.C. Code § 15-7-30(F)(2), (SC Code 1976, as amended) and as to Defendant Jones under S.C. Code § 15-7-30(C), (SC Code 1976, as amended).

## FACTS

7. On March 5, 2015, Plaintiff Edwin was crossing a road, near the Building 30 parking lot, in a marked crosswalk ("Location", see Exhibit A) on property owned by the Charleston County Airport District and leased by Defendant Boeing.

8. As Plaintiff Edwin was walking in the crosswalk he was struck by a vehicle driven by Defendant Jones ("Incident").

9. As a consequence of the Incident, Plaintiff Edwin suffered significant injuries and damages.

10. At the time of the Incident, Plaintiff Edwin was an employee of Fives Machining Systems, Inc.

11. At no time was Plaintiff Edwin an employee of Defendant Boeing.

12. At all times mentioned herein, Plaintiff Edwin is informed and believes that Defendant Boeing was responsible for the construction, maintenance, and safety of the sidewalks, roads, and pedestrian crossings on the premises.

13. Plaintiff Edwin is informed and believes that Defendant Boeing was specifically responsible for the placement and installation of the crosswalk in which the Incident occurred.

## COUNT I
## NEGLIGENCE & GROSS NEGLIGENCE
### (Defendant Jones)

14. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 13 above as if fully set forth herein.

15. Defendant Jones had a duty to operate his vehicle in a reasonable, safe and prudent manner and did breach this duty as set forth more fully below.

16. The collision and the resulting injuries and damages to Plaintiffs were caused directly and proximately by one or more of the following negligent, grossly negligent, careless, reckless, willful, wanton and unlawful acts, or omissions of Defendant Jones in any one or more of the following aspects:

   a. In failing to keep a proper lookout while operating a vehicle;
   b. In failing to maintain control of the vehicle;
   c. In failing to keep a safe distance from Plaintiff;
   d. In failing to use due care;
   e. In failing to properly observe the road and traffic conditions;
   f. In failing to obey traffic laws or signs;
   g. In failing to use his horn, if he had any, or to otherwise warn of his approach;
   h. In traveling too fast for conditions;
   i. In failing to properly maintain his vehicle;
   j. In failing to yield the right of way;
   k. In failing to apply his brakes or use his steering mechanism to avoid the collision;

l. In operating the vehicle in such a manner to cause the vehicle to strike Plaintiff Edwin and cause personal injuries;

m. In not controlling the speed of his vehicle, as required by S.C. Code § 56-5-1520 (A), (SC Code 1976, as amended), in order to avoid striking Plaintiff Edwin;

n. In not reducing the speed of his vehicle, as required by S.C. Code § 56-5-1520 (F), (SC Code 1976, as amended), in the presence of a special hazard: pedestrian Plaintiff Edwin;

o. In not exercising due care to avoid colliding with Plaintiff Edwin, as required by S.C. Code § 56-5-3230, (SC Code 1976, as amended);

p. In not giving an audible signal when necessary, as required by S.C. Code § 56-5-3230, (SC Code 1976, as amended);

q. In not exercising proper precaution upon observing Plaintiff Edwin, as required by S.C. Code § 56-5-3230, (SC Code 1976, as amended);

r. In failing to use, or properly maintain, the vehicle's headlamps, as required by S.C. Code § 56-5-4770, (SC Code 1976, as amended);

s. In any other acts that represent a breach of the statutory or common laws of the State of South Carolina; and

t. In any other such manner that Plaintiff Edwin may become aware of through discovery or trial.

17. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendant Jones, as set forth more fully above, Defendant Jones' vehicle violently struck Plaintiff Edwin.

18. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendant Jones, the Plaintiff Edwin has suffered in the past, and will, upon information and belief, continue to suffer great physical harm and permanent injuries as well as the following particulars:

a. Pain and suffering;

b. Past and future medical expenses;

    c. Loss of earning capacity;

    d. Injuries to his person;

    e. Mental anguish, worry, and stress;

    f. Permanent injury to his person;

    g. Permanent scarring to his person;

    h. Miscellaneous expenses and costs; and

    i. In such other and further ways as the evidence will show at trial.

**COUNT II**
**<u>NEGLIGENCE & GROSS NEGLIGENCE</u>**
**(Defendant Boeing)**

19. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 18 above as if fully set forth herein.

20. At the time of the Incident, Plaintiff Edwin was an invitee of Defendant Boeing.

21. Defendant Boeing created a defective condition by placing the crosswalk in an improper location and without proper planning, signage or lighting.

22. Defendant Boeing, due to construction, directed pedestrians to an unsafe area and crossing.

23. Defendant Boeing owed Plaintiff Edwin nondelegable duties of reasonable care for his safety, including:

    a. The duty to safely design, construct and maintain its parking lots, free of unreasonable, foreseeable pedestrian hazards that could pose a danger and in accordance with industry standards and safety rules;

    b. The duty to provide for his safety while on its premises, including keeping its parking lots in a reasonably safe condition and free from dangerous defects and conditions that could pose pedestrian hazards;

    c. The duty to make reasonable inspections of its premises, including the parking lots, and discover risks and to warn of or eliminate foreseeable unreasonable risks;

    d. The duty to warn of latent or hidden dangers on premises, including dangerous or defective conditions in parking lots, of which Defendant Boeing had knowledge or should have had knowledge upon reasonable inspection;

    e. The duty to anticipate the harm despite any obviousness of the dangerous conditions that may have existed and to take precautions to remove the potential dangers or harm.

24. Defendant Boeing, by and through its agents and employees, negligently and recklessly breached the duty of care owed by them to Plaintiff Edwin in one or more of the following ways:

    a. By designing, constructing or maintaining a parking lot so that it contained unsafe and dangerous walking conditions;

    b. By designing, constructing or maintaining a parking lot in such a way that the resulted in foreseeable unsafe and dangerous walking conditions especially where it was foreseeable that pedestrians would be in the path of vehicles;

c. In failing to design, construct, inspect or maintain the parking lot in such a way that an individual would be restricted from encountering a hazard, such as the hazard a vehicle presents to a pedestrian;

d. By designing, constructing or maintaining a parking lot in a dangerous condition without providing any warnings, with inadequate lighting and signage, and failing to provide any protection against the unsafe conditions;

e. If the condition that caused the Incident is deemed to be an open-and-obvious defect, by failing to anticipate that an individual, would nevertheless encounter the condition, under the reasonable belief that a crosswalk is a safe place for pedestrian passage;

f. By failing to have adequate procedures in place for periodic inspections and/or in failing to properly inspect the parking lot so as to discover and remedy foreseeable dangers to pedestrians, such as the hazard that resulted in Plaintiff Edwin's injuries and damages;

g. By failing to hire, employ, contract with, or otherwise adequately train or supervise persons knowledgeable in public safety or otherwise capable of evaluating the risks in the parking lot;

h. By designing, constructing, or maintaining the parking lot intended for public use which violated applicable building codes or design, construction or maintenance standards generally accepted in the industries; and,

      i. By such other and further acts of negligent, reckless and willful conduct as will be shown by the evidence produced at trial.

25. No conditions existed at the time of the Incident which would have prevented Defendant Boeing, in the exercise of due caution, and in furtherance of its duty to provide a safe premises, from inspecting the condition of the parking lot, making necessary corrections or replacements, and otherwise rendering the parking lot safe and fit for use.

26. Defendant Boeing's conduct demonstrated a complete absence of due care and such conduct or failure to act was negligent, grossly negligent and reckless and constituted a willful disregard for the safety of the intended and foreseeable invitees and users of Defendant Boeing's parking lot, including Plaintiff Edwin.

27. By reason of one or more of the negligent, reckless, careless and willful acts or omissions of the Defendant Boeing complained above, by and through its agents and employees who were at all times set forth acting within the course and scope of their agency relationship; or by reason of any agency or employment or contractual or other relationship, and as a direct and proximate result thereof, Plaintiff Edwin suffered a severe impact and sustained injuries, including but not limited to, the following:

    a. Permanent impairment of his left leg;

    b. Pain and suffering from the time of the incident to the present;

    c. Certainty of future pain and suffering;

    d. Embarrassment, humiliation and mental anguish;

    e. Substantial loss of enjoyment of life, recreational opportunities, and companionship;

    f. Medical expenses and certainty of future medical expenses; and

    g. Substantial loss of income and the ability to earn income.

28. Plaintiff Edwin is informed and believes that he is entitled to actual damages and punitive damages against the Defendant Boeing in an amount to be determined by a jury or other trier of fact in this matter.

**COUNT III**
**Loss of Consortium**
**(Defendant Jones & Defendant Boeing)**

29. Plaintiffs incorporate by reference the allegations of paragraphs 1 through 28 above as if fully set forth herein.

30. As a result of Defendants' negligence as alleged above, Plaintiff Edwin sustained severe physical and psychological injuries, and in consequence of his injuries, Plaintiff Janette has been and will be deprived of the following:

    a. The comfort, aid, services, assistance, and enjoyment of her spouse which she otherwise would have had;

    b. Her spouse's aid and assistance in maintaining and supporting their household; and

    c. Her spouse's normal companionship, affection, love, and sexual relations, and of his aid and cooperation in maintaining a normal home life.

31. Plaintiff Janette is informed and believes that she is entitled to recover damages from Defendant Jones and Defendant Boeing in an amount to be determined

by a jury or other trier of fact in this matter.

**WHEREFORE,** Plaintiffs, Edwin J. Engel and Janette K. Engel, having fully set out their causes of action, respectfully pray for a judgment against the Defendants, Joshua A. Jones and The Boeing Company, for actual damages, punitive damages, costs of this action, as determined by this Court, together with prejudgment interest on their special damages, post-judgment interest as allowed by law, and costs of this action, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted,

GOLDFINCH WINSLOW, LLC

s/Thomas W. Winslow
Thomas W. Winslow (Federal Bar No. 9740)
11943 Grandhaven Drive, Suite A-2
Post Office Box 829
Murrells Inlet, SC 29576
Telephone: (843)357-9301
Fax: (843)357-9303
tom@goldfinchwinslow.com

AND

SHELLY LEEKE LAW FIRM, LLC
Gunnar Nistad (Federal Bar No. 6786)
3614 Ashley Phosphate Road
North Charleston, SC 29418
Telephone: (843) 277-6061
Fax: (843) 297-8497
gunnar@leekelaw.com

ATTORNEYS FOR PLAINTIFFS

Murrells Inlet, South Carolina
Dated: February 12, 2018